IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WALTER ALBERTO NAVARIJO SARTENO,   )
   )
   Petitioner,   )
   )
   v.   )   1:26-cv-1394 (LMB/WEF)
   )
MARKWAYNE MULLIN, et al.,   )
   )
   Respondents.   )

ORDER

Petitioner Walter Alberto Navarijo Sarteno ("Sarteno"),[1] a native and citizen of Guatemala, has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since May 15, 2026. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I) and his due process rights (Count II).

Sarteno is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Sarteno has also sued Markwayne Mullin, the DHS Secretary; Todd Lyons, the Acting Director of ICE; Todd Blanche, the Acting Attorney General; and Robert Guadian, the Director of the ICE Enforcement and Removal Operations Washington Field Office

---

[1] It is unclear whether petitioner spells his last name as "Navarijo Sarteno," which is the spelling petitioner has used in the instant Petition, or "Navarijo-Sarceno," which is the name that appears on petitioner's criminal records.

(collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds

that Sarteno is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted

in part, and the federal respondents will be ordered to provide him with a bond hearing before an

Immigration Judge pursuant to 8 U.S.C. § 1226(a).[2]

I.

According to his Petition, Sarteno entered the United States without inspection in April

2010. [Dkt. No. 1] at ¶ 32. He lives with his U.S. citizen wife in Virginia. Id. ¶ 33. On May 7,

2026, Sarteno was arrested for and charged with two counts of contributing to the delinquency of

a minor and two counts of cruelty to a child. [Dkt. No. 4]. Although it is unclear from the state

court docket sheets, the Petition alleges that Sarteno was released from state custody May 15,

2026 on a $2,500 bond but was immediately transferred to ICE custody. [Dkt. No. 1] at ¶ 34.

Sarteno filed his Petition for Writ of Habeas Corpus on May 22, 2026. [Dkt. No. 1].

This Court subsequently entered an Order requiring that he not "be removed or transferred from

this district for any reason without this Court's permission" and directing the federal respondents

to "file either a Notice indicating that the factual and legal issues presented in this Petition do not

differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818

(E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba

Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a Notice

stating that "the factual and legal issues presented in this habeas petition do not differ in any

material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate

_____

[2] Due to the seriousness of the charges pending in the Caroline Circuit Court against petitioner, see [Dkt. No. 4], the Court will not release petitioner pending his § 1226(a) bond hearing; however, the Immigration Judge conducting the bond hearing should strongly consider releasing petitioner on stringent conditions, including an ankle monitor, to ensure that the state court is able to resolve the charges pending against petitioner.

the filings in Ceba Cinta into the record of this habeas case." [Dkt. No. 4] at 1–2. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Sarteno's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their Ceba Cinta opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Sarteno has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes that numerous district courts throughout the country have found[3] is contrary to DHS's

---

[3] The overwhelming majority of district courts to consider this issue have held that the detention scheme applicable to noncitizens already residing in the United States is 8 U.S.C. § 1226(a). See Barco Mercado v. Francis, 2025 WL 3295903, at *4 nn. 22–23 (S.D.N.Y. Nov. 26, 2025) (collecting hundreds of federal decisions holding that § 1226(a) is the applicable detention scheme for noncitizens already present in the United States); see also Kyle Cheney, Our Running List of Judges Who Have Ruled on ICE's Mass Detention Policy, POLITICO, https://www.politico.com/news/2026/02/18/trump-judges-immigration-detention-00784614?_sp_pass_consent=true (last updated Apr. 28, 2026).

3

implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). The Second Circuit considered the federal respondents' position in Barbosa de Cunha v. Freden,[4] and a unanimous panel agreed with "the overwhelming majority of federal judges across the Nation [who have] conclude[d] that the government's novel interpretation of the immigration statutes defies their plain text," explaining that the "text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner" and "Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); accord Hernandez Alvarez v. Warden, 2026 WL 1243395, at *13 (11th Cir. May 6, 2026); Lopez-Campos v. Raycraft, 2026 WL 1283891, at *3–7 (6th Cir. May 11, 2026). Moreover, as the Second Circuit stated, "even if the government's newfound interpretation of Section 1225(b)(2)(A) were plausible—and it is not—we would nonetheless reject it based on our obligation to construe these statutes in a manner that would avoid the serious constitutional questions attendant to what would be the broadest mass-detention-without-bond mandate in our Nation's history for millions of noncitizens." Barbosa de Cunha, 2026 WL 1146044, at *2. The Second and Eleventh Circuit's opinions are consistent with this Court's analysis of these detention statues as articulated in Hasan v. Crawford, 800 F. Supp. 3d 641 (E.D. Va. 2025), and the Court adopts the findings and conclusions in Hasan into this Order.

---

[4] The Petitioner in Barbosa de Cunha was a noncitizen from Brazil who had lived in the United States for more than 20 years after entering the country without inspection and admission.

4

The Court recognizes that the Fifth and Eighth Circuits have reached contrary conclusions in two split decisions. Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). Those decisions are not binding here, CASA de Md., Inc. v. Trump, 971 F.3d 220, 260 (4th Cir. 2020), and the Court is unpersuaded by the Fifth and Eighth Circuit's rationales for many of the reasons set forth in dissenting Judge Douglas's and Judge Erickson's strong dissents. Specifically, Judge Douglas correctly explained the federal respondents' interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent. Buenrostro-Mendez, 166 F.4th at 511–13 (Douglas, J., dissenting). And Judge Erickson cogently observed that "[a]ll three branches of government" have understood the detention statutes to "maintain the distinction between unadmitted citizens in the interior and those arriving at the border for detention purposes." Avila, 170 F.4th at 1140 (Erickson, J., dissenting). "Five presidential administrations, including the first Trump administration, and most immigration judges interpreted § 1225 to apply only to those arriving at the border," "[s]everal courts" interpreted § 1225's reference to noncitizens "seeking admission" "as applying only to those seeking lawful entry at the border," and "Congress never attempted to correct the other two branches." Id. For these reasons, the Court finds the Fifth and Eighth Circuits' majority rulings unpersuasive.

Sarteno has been present in the United States since 2010. [Dkt. No. 1] at ¶ 32. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Sarteno's detention is governed by § 1226(a). See Abreu v. Crawford, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025) ("There is a statutory distinction between noncitizens who are detained upon arrival into the United States and those who are detained after they have already entered the country, legally or otherwise."). And under § 1226(a) and its implementing regulations, he is entitled to a bond

hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk.  8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).

## III.

For all these reasons, Sarteno's Petition, [Dkt. No. 1], is GRANTED IN PART, and it is hereby

ORDERED that respondents provide Sarteno with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Sarteno on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Sarteno is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

ORDERED that if Sarteno is released on bond, the federal respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Sarteno unless he (1) commits a violation of any federal, state, or local law; (2) fails to comply with the conditions of his release; (3) fails to attend a properly noticed immigration hearing; or (4) is detained pursuant to a valid, final order of removal.

The Clerk is directed to enter judgment in Sarteno's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 1st day of June, 2026.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge